1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2     Including Professional Corporations
   JOHN T. BROOKS, Cal. Bar No. 167793
3  JARED K. LeBEAU, Cal. Bar No. 292742
   501 West Broadway, 19th Floor
4  San Diego, California 92101-3598
   Telephone: 619.338.6500
5  Facsimile: 619.234.3815

6  Attorneys for Defendants
   GOVERNMENT EMPLOYEES
7  INSURANCE COMPANY and GEICO
   GENERAL INSURANCE COMPANY

8

9                       UNITED STATES DISTRICT COURT

10                       SOUTHERN DISTRICT OF CALIFORNIA

| MEHRAN DAVID ALAEI, an individual, all others similarly situated, and the general public,<br><br>            Plaintiff,<br><br>   v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY (GEICO), a Delaware corporation; GEICO GENERAL INSURANCE COMPANY, a Maryland corporation, and DOES 1 to 10,<br><br>            Defendants. | Case No. 20-CV-0262-L-WVG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS AND STRIKE**<br><br>**[Fed. R. Civ. Proc. 12(b)(6) & 12(f)]**<br><br>NO ORAL ARGUMENT PURSUANT TO LOCAL RULES<br><br>Judge: Hon. M. James Lorenz<br>Date: April 6, 2020<br>Time: 10:30 a.m.<br><br>Courtroom: 5B |
|---|---|

# I.
# INTRODUCTION

These motions raises three pure issues of law.  *First*, can plaintiff Alaei state a claim for violation of the Consumer Legal Remedies Act ("CLRA") based on GEICO's allegedly misleading conduct in the sale of insurance, when the California Supreme Court has held that the CLRA does not apply to the sale of insurance?

*Second*, can Alaei's breach of contract cause of action survive when he admits that the only claim GEICO declined to pay was *not* in fact covered by the policy contract?

*Third*, can Alaei state a claim for UCL restitution or unjust enrichment under when he admits facts negating any grounds for restitution?

Because the answer to all three questions is plainly "no," the Court should dismiss these three causes of action, as well as dismiss or strike Alaei's claim for UCL restitution, with prejudice.

*Facts Alleged*.  The facts alleged are simple.  Alaei alleges he bought an automobile insurance policy from GEICO covering both his 2016 Lexus and his 2012 Lexus, mistakenly believing that the policy included collision coverage for both cars when it in fact did not for the older car.  He alleges that GEICO duped him into purchasing this "inferior," lower-priced coverage for the older car when he wanted collision coverage for both cars.  (Complaint, ¶¶ 1-2.)  When his 2012 Lexus was later involved in an at-fault collision, GEICO accepted liability coverage (thus protecting Alaei against any responsibility to the victim) but denied his claim for collision damage to his own car because his policy did not include collision coverage for the older car.  (*Id.* at ¶¶ 13-14.)  Based on these allegations, Alaei asserts four causes of action: violation of the UCL, violation of the CLRA, breach of contract, and unjust enrichment.

*The Law.*  This motion does not attack Alaei's claim for injunctive relief under the UCL, but only his latter three causes of action and his claim for UCL

restitution. Each of these claims for relief fails as a matter of law. The CLRA claim fails because, under controlling California Supreme Court authority, the CLRA does not apply to the sale of insurance. The breach of contract claim fails because Alaei admits his policy did not include collision coverage for the 2012 Lexus, so the fact that GEICO denied his collision coverage claim can't be a breach of contract. The unjust enrichment claim and UCL restitution claim fail because those claims can survive only if Alaei had pled facts supporting a claim for restitution, but here he admits facts negating such a claim.

## II.

## THE CLRA CLAIM FAILS

Alaei's second cause of action under the CLRA fails because the California Supreme Court, and numerous other courts, have held that the CLRA does not apply to the sale of insurance.

By statute, the CLRA applies only to transactions involving the sale or lease of "goods or services." Civ. Code, § 1770. The statute defines both of these terms. "Goods" means "tangible chattels." *Id.* § 1761(a). "Services" means "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods." *Id.* § 1761(b).

Over 40 years ago, and based on these statutory definitions, the California Supreme Court first noted in dictum that "insurance is technically neither a 'good' nor a 'service' within the meaning of [the CLRA]." *Civil Serv. Employees Ins. Co. v. Superior Court*, 22 Cal. 3d 362, 376 (1978).

Three decades later, this dictum became settled California law in *Fairbanks v. Superior Court*, 46 Cal. 4th 56, 65 (2009), a putative class action alleging deceptive practices in the sale of life insurance. There, the California Supreme Court held that a life insurance indemnity contract – an agreement to pay a sum of money upon the happening of a contingent event – is neither a "good" nor a "service" as defined in the CLRA:

> Life insurance is a contract of indemnity under which, in exchange for the payment of premiums, the insurer promises to pay a sum of money to the designated beneficiary upon the death of the named insured. (*Estate of Barr* (1951) 104 Cal.App.2d 506, 508, 231 P.2d 876; see Ins. Code, §§ 22, 101.)  Because life insurance is not a "tangible chattel," it is not a "good" as that term is defined in the Consumers Legal Remedies Act. (Civ.Code, § 1761, subd. (a).)  Neither is life insurance a "service" under the act.  An insurer's contractual obligation to pay money under a life insurance policy is not work or labor, nor is it related to the sale or repair of any tangible chattel.  Accordingly, we agree with the Court of Appeal that the life insurance policies at issue here are not services as defined in the Consumers Legal Remedies Act.

*Id.* at 61.

The rationale in *Fairbanks* extends to all insurance, not just life insurance. Following *Fairbanks*, the California Court of Appeal explained that a homeowners insurance indemnity contract likewise is not "good" or a "service" within the meaning of the CLRA, and thus is not subject to a CLRA claim:

> The Alajajyans point out that the *Fairbanks* opinion states that the Court was "focus[ed] only on life insurance," and not insurance generally.  The Alajajyans do not, however, offer any basis why the Court's reasoning in *Fairbanks* should not apply here.  Homeowners insurance, like life insurance, "is a contract whereby one undertakes to indemnify another against loss, damage, or liability arising from a contingent or unknown event." (Ins. Code, § 22.)  In the case of life insurance, the contingent or unknown event is "the death of the named insured"; in the case of property insurance under a homeowners policy, the event is a covered loss to insured property.  The different triggering event in a homeowners policy does not make that contract of indemnity any more of a good or service than a life insurance policy.  We conclude that homeowners insurance is not a good or service subject to CLRA.  The trial court did not err in sustaining the demurrer.

*Alajayan v. Fed. Ins. Co.*, No. B263203, 2016 WL 4402227, at *6–7 (Cal. Ct. App., Aug. 18, 2016) (citations omitted).[1]  In other words, regardless of what triggers the duty to pay – the death of a person or damage to property – a contract to pay money upon the happening of a contingent event is neither a "tangible chattel" nor "work or labor."

For the same reason, the Southern District of California held that the CLRA does not apply to "home protection warranty" insurance:

> [T]he Court concludes the reasoning of *Fairbanks* is applicable to Defendant's home warranty plans, which are not 'services' within the meaning of the CLRA.

*Campion v. Old Republic Home Prot. Co.*, 861 F.Supp.2d 1139, 1145-46 (S.D. Cal. 2012); *see also Kaplan v. Fidelity Nat'l Home Warranty Company*, No. D062531, 2013 WL 6641365, at *7–8 (Cal. Ct. App., Dec. 17, 2013) ("We agree with *Campion's* reasoning and conclusion").

The California Court of Appeal also reached the same conclusion in the context of personal property insurance and trip cancellation insurance.  *Heckart v. A-1 Self Storage Inc.*, 196 Cal. Rptr. 3d 504, 511-12 (2015), superseded by grant of review and affirmed, 4 Cal. 5th 749 (2018) (holding that, even if a provision in rental agreement constituted a form of personal property insurance as the plaintiff contended, "a transaction involving the sale of insurance is exempt from the CLRA"); see also *Lynch v. Commercial Union Ins. Co.*, No. A094846, 2001 WL 1660035, at *7–8 (Cal. Ct. App., Dec. 28, 2001) (trip cancellation insurance).

The same rationale and result apply here.  Alaei complains of deceptive practices in the sale of a policy of automobile indemnity insurance.  The insurance

---

[1] A federal court may properly attach weight to unpublished state court decisions if it believes they indicate how the current California Supreme Court would decide an issue.  *McSherry v. Block*, 880 F.2d 1049, 1053 n.2 (9th Cir. 1989); *Renick v. Dun & Bradstreet Receivable Mgmt. Services*, 290 F. 3d 1055, 1058 (9th Cir. 2002).

policy he bought, just like the policies in the cases above, is a promise to pay money in the contingent event of covered injury or damage. The policy is not a "tangible chattel," not "work," and not "labor" – and accordingly it is not subject to the CLRA. Based on the California Supreme Court's holding in *Fairbanks* and the subsequent holdings by numerous courts, the Court should dismiss Alaei's CLRA claim with prejudice.

## III.
## THE BREACH OF CONTRACT CLAIM FAILS

Alaei's third cause of action for breach of contract likewise fails as a matter of law. It is axiomatic that a claim for breach of contract requires an allegation of failure to perform some term of the contract. *See Coles v. Glaser*, 2 Cal. App. 5th 384, 391 (2016). Alaei does not and cannot allege any failure of performance by GEICO. He alleges that GEICO offered and sold him a policy that did *not* include collision coverage for the 2012 Lexus. (Complaint, ¶ 2.) Because he admits that the contract did not include collision coverage for that car, his allegation that GEICO refused to pay his collision claim does not state a claim for breach of contract. (*See id.* at ¶¶ 13-14.) And Alaei does not allege that he suffered any other loss actually covered under his policy that GEICO refused to pay.

Because Alaei does not allege that GEICO withheld any payment actually due under the governing contract, the Court should dismiss Alaei's breach of contract claim with prejudice.

# IV.

## ALAEI'S CLAIM FOR RESTITUTION FAILS, AND SO DOES HIS CLAIM FOR UNJUST ENRICHMENT

The Court should also dismiss or strike[2] Alaei's claim for restitution under his first cause of action, as well as dismiss his fourth cause of action for unjust enrichment, because he does not and cannot allege that he paid more for his policy than it was worth.

### A. Restitution Is Unavailable If the Value Received Equals the Amount Paid

The UCL, which is the basis of Alaei's first cause of action, permits only claims for restitutionary and injunctive relief.  Cal. Bus & Prof. Code § 17203; *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1148-49 (2003); *Pfizer Inc. v. Superior Court*, 182 Cal. App. 4th 622, 631 (2010) ("The remedies available in a UCL or FAL action are generally limited to injunctive relief and restitution").  The UCL cannot be used to recover damages.  *Korea Supply,* 29 Cal. 4th at 1144 ("A UCL action is equitable in nature; damages cannot be recovered"); *Pineda v. Bank of America*, *N.A.*, 50 Cal. 4th 1389, 1402 n.14 (2010) ("compensatory damages are not recoverable as restitution").  Nor can the UCL be used to compel disgorgement of profits obtained through an unfair practice, "except to the extent that [the disgorgement] constitutes restitution." *Korea Supply*, 29 Cal. 4th at 1145.

---

[2] In *Whittlestone Inc. v. Handicraft Co.,* 618 F.3d 970, 973-74 (9th Cir. 2010), the Ninth Circuit held that a motion to strike under Rule 12(f) is not the appropriate vehicle to seek dismissal of claims for lost profits and consequential damages, and that a Rule 12(b)(6) is "better suited" to that task.  But even after *Whittlestone*, some district courts in California have continued to treat Rule 12(f) motions as appropriate to attack at least certain claims for damages.  *E.g.*, *Powell v. Wells Fargo Home Mortgage*, 2017 WL 2720182, at *7 (N.D. Cal., June 23, 2017) (summarizing cases).  In an abundance of caution, GEICO seeks to dismiss Alaei's UCL restitution claim via a 12(b)(6) motion or, alternatively, strike it via a 12(f) motion.

Further, restitution is available only to the extent the plaintiff parted with more money than the value of whatever was received in return.  For example, a full refund is appropriate only "when a product confers *no* benefit on consumers."  *In re Tobacco Cases II*, 240 Cal. App. 4th 779, 801-02 (2015) (italics in original).  In contrast, where a product sold in violation of the UCL confers *some* benefit, the plaintiff can recover only the portion of the amount paid that exceeds the value received.  *Id.*  "The difference between what the plaintiff paid and the value of what the plaintiff received is a proper measure of restitution."  *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 131 (2009).

### B. Alaei's Claim for UCL Restitution Fails Because, As a Matter of Law, The Value of Alaei's Policy Equals What He Paid

Alaei's claim for restitutionary relief under the UCL seeks return of all or a portion of the premium he paid to GEICO.  (Complaint, ¶ 62; Para. C of Prayer for Relief.)  But Alaei cannot recover his premium payments as restitution because he admits that he got something of equal value in return: namely, his policy of "full comprehensive" coverage, including liability coverage.  (*Id.* at ¶¶ 6 & 11; Dkt. 1-4 ["Declaration in Support of Jurisdiction"] at ¶ 4.)  He further admits that GEICO honored its contractual commitment by covering him against personal liability for the accident in October 2018.  (Complaint, ¶¶ 12-13.)

Alaei does not – and cannot – allege that the policy he received is worth less than he paid.  Like all auto insurers in California, GEICO is required by Proposition 103 to charge only the premium approved by the Department of Insurance ("DOI"), which rate cannot be "excessive."  Ins. Code § 1861.05.  Consequently, "under the statutory scheme enacted by the voters, the charging of an approved rate cannot be deemed 'illegal' or 'unfair' for purposes of the Unfair Business Practices Act or, indeed, tortious."  *Walker v. Allstate Indem. Co.*, 77 Cal. App. 4th 750, 756 (2000).  Or as stated by another court, "[a] premium approved by the insurance commissioner cannot be deemed to be excessive."  *Karlin v. Zalta*, 154 Cal. App. 3d

953, 983 (1984), superseded by statute on other grounds, as stated in *McKay v. Superior Court*, 188 Cal. App. 4th 1427 (2010).

Here, Alaei does not allege that GEICO charged him anything other than the approved rate for the policy he received.  Even assuming that Alaei expected more coverage for his 2012 Lexus than his policy actually provided, his policy (i) did provide coverage for both cars, and (ii) did so at the price the DOI determined to be appropriate for the amount of coverage provided.  That price cannot be deemed "illegal" or "unfair."  *Walker*, 77 Cal. App. 4th at 756.

### C. <u>Alaei's Cause of Action for Unjust Enrichment Fails for the Same Reason</u>

Alaei's fourth cause of action for "unjust enrichment" fails for the same reason: an unjust enrichment claim can survive only if the plaintiff pleads facts showing an entitlement to restitution, and Alaei cannot do so.  To the contrary, he admits facts negating any such claim.

California courts have repeatedly held that there is no such thing as a cause of action for unjust enrichment.  Rather, "unjust enrichment" is merely a label indicating an equitable right to reimbursement:

> In addition, as the trial court observed, there is no cause of action in California for unjust enrichment.  The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." Unjust enrichment is a general principle, underlying various legal doctrines and remedies, rather than a remedy itself.  *It is synonymous with restitution*.

*Melchior v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2003) (citations and quotations omitted, italics supplied).

Because unjust enrichment is just another name for restitution, courts confronted with pleading challenges to "unjust enrichment" claims generally frame the issue as follows:  Has the complaint alleged facts giving rise to a right of restitution?

> In accordance with this principle, we construe McBride's purported cause of action for unjust enrichment as an attempt to plead a cause of action giving rise to a right to restitution.

*McBride v. Boughton*, 123 Cal. App. 4th 379, 377-78 (2004); *accord Lauriedale Associates, Ltd. v. Wilson*, 7 Cal. App. 4th 1439, 1448 (1992).

Here, the answer to that question – has Alaei pled facts supporting a claim for restitution – is "no." As shown in section IV(B) above, Alaei has no right to restitution because he does not and cannot allege that he paid GEICO more than his policy was worth. To the contrary, he *admits* that he paid for a policy with liability coverage for both vehicles but without collision coverage for the older Lexus, and he *admits* that is what he received. By law, the rate GEICO charged for that coverage was the rate that the DOI reviewed and approved as fair and reasonable. Ins. Code §1861.05.

Because GEICO charged the DOI-approved rate and Alaei received the corresponding amount of coverage in return – including liability protection for the October 2018 accident – he has no claim for restitution of his premiums paid. Even assuming Alaei received less coverage than he *expected* for the 2012 Lexus, he got exactly the coverage he *paid for* at exactly the rate approved by the DOI as appropriate. He accordingly has no claim for restitution, and so his cause of action for unjust enrichment fails.

# V.

# CONCLUSION

Alaei's CLRA claim fails because the CLRA does not apply to the sale of insurance.  His breach of contract claim fails because he does not allege any breach.  And his claim for UCL restitution and his unjust enrichment cause of action both fail because he cannot allege facts supporting a claim for restitution.  The Court should dismiss all four claims with prejudice.  Alternatively, with regard to Alaei's claim for UCL restitution, the Court should strike that claim from the Complaint, specifically, paragraph 62 at lines 25 to 28, and paragraph C from the Prayer for Relief.

Dated:  March 5, 2020         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By       s/ *John T. Brooks*
                JOHN T. BROOKS
              Attorneys for Defendants
     GOVERNMENT EMPLOYEES INSURANCE
         COMPANY and GEICO GENERAL
              INSURANCE COMPANY