SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOHN T. BROOKS, Cal. Bar No. 167793
JARED K. LEBEAU, Cal. Bar No. 292742
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619.338.6500
Facsimile: 619.234.3815

Attorneys for Defendants
GOVERNMENT EMPLOYEES
INSURANCE COMPANY and GEICO
GENERAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHRAN DAVID ALAEI, an individual, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY (GEICO), a Delaware corporation; GEICO GENERAL INSURANCE COMPANY, a Maryland corporation, and DOES 1 to 10,<br><br>Defendants. | Case No. 20-CV-0262-L-WVG<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS AND STRIKE**<br><br>**[Fed. R. Civ. Proc. 12(b)(6) & 12(f)]**<br><br>NO ORAL ARGUMENT PURSUANT TO LOCAL RULES<br><br>Judge: Hon. M. James Lorenz<br>Date: April 6, 2020<br>Time: 10:30 a.m.<br><br>Courtroom: 5B |

# I.
# INTRODUCTION

GEICO's motions targeted four of Alaei's claims. One of those – his CLRA claim – Alaei doesn't even try to defend, conceding by silence that it fails. As to the others, Alaei mistakes quantity of verbiage for quality of analysis. No amount of inapposite authority substitutes for grappling with the facts Alaei alleged in *this* case and looking to authority pertinent to *those* facts.

Looking to the actual facts alleged, they are fatal to Alaei's contract claim and his two claims for restitution. Alaei admits that the *only* thing GEICO offered him was a policy without collision coverage, so his allegations negate the "meeting of the minds" necessary to any contract. Alaei's allegations likewise establish there is no basis for restitution, either under his UCL claim or "unjust enrichment" claim: a full refund is impermissible because Alaei admits he received value for his money, and a partial refund is impermissible because, in the rate-regulated context of insurance, the premium approved by the Department of Insurance cannot be deemed excessive for the amount of coverage Alaei admittedly received.

The Court should accordingly grant GEICO's motion in full.

# II.
# ALAEI ABANDONS HIS CLRA CLAIM

GEICO moved to dismiss Alaei's CLRA claim based on California Supreme Court authority holding that the CLRA does not apply to the sale of insurance. Alaei's opposition does not even try to defend the CLRA claim. The Court should dismiss it with prejudice.

# III.
# ALAEI'S EVASION CANNOT SAVE HIS CONTRACT CLAIM

In its opening brief, GEICO argued that Alaei cannot allege a breach of the insurance contract because he admits that the contract GEICO issued did not include collision coverage. Because the contract did not cover collision damage, GEICO's

denial of Alaei's claim for collision damage could not have been a breach of contract.

In response, Alaei *does not dispute* that GEICO did not breach the written insurance contract actually issued by GEICO. Instead, he pivots. He now claims that an *oral* contract was created that – contrary to the written policy – included a promise by GEICO to pay for collision damage.

## A. Alaei Admits There Was No Meeting of the Minds

This evasion founders on Alaei's own allegations. An oral contract, like a written one, requires a meeting of the minds, with each party intending the same thing – *e.g.*, an offer and acceptance. *Banner Entm't, Inc. v. Superior Court*, 62 Cal. App. 4th 348, 357-58 (1998) ("California law is clear that there is no contract until there has been a meeting of the minds on all material points."); *K.C. Working Chem. Co. v. Eureka-Sec. Fire & Marine Ins. Co. of Cincinnati, Ohio*, 82 Cal. App. 2d 120, 133 (1947) ("The consent is not mutual unless the parties all agree upon the same thing in the same sense and unless they do so agree there is no contract.") (citation omitted).

Thus, to rescue his claim on an oral contract theory, Alaei would have had to allege that GEICO offered and intended to sell him a policy that included collision coverage at the premium it quoted – that is, at the premium applicable to a policy *without* collision coverage.

Alaei, however, does not allege that GEICO ever offered or intended to sell him collision coverage at all, much less to sell him such coverage without charging for it. To the contrary, he repeatedly alleges that the policy GEICO offered to sell him was an "inferior" policy that did not include collision coverage:

> Consumers, including Plaintiff, who called seeking full coverage auto insurance were instead systematically **offered** GEICO's "Full *Comprehensive* Package," an inferior policy that did not include "collision" insurance . . . . The "Full Comprehensive Package **offered** by GEICO during the sales pitch was invariably less expensive than the

> customers' own, actual full coverage policy. (Complaint, ¶ 2 [italics and underscoring original, bold added].)
>
> When consumers would contact GEICO seeking an "apples to apples" comparison of their existing full-coverage insurance policy to an identical GEICO policy, GEICO would, instead, **offer** the consumer a "FULL COMPREHENSIVE PACKAGE" insurance plan; an insurance policy that did not provide collision insurance . . . . (*Id.* at ¶ 27 [bold added].)
>
> Plaintiff and the proposed Class have been misled by GEICO's fraudulent sales tactics and purchased products that were inferior to the coverage they believed they were purchasing. (*Id.* at ¶ 43.)

The "fraudulent sales tactics" alleged by Alaei include taking advantage of his alleged ignorance that "comprehensive" coverage does not include collision coverage and falsely assuring him that coverage GEICO offered was the "same" as his prior coverage with Esurance. (*Id.* at ¶¶ 3 & 11.)

These allegations – offering an "inferior" policy while concealing or misrepresenting its true characteristics – are suited to a UCL claim based on allegedly deceptive sales practices (which GEICO does not challenge at this stage). But they are fatal to any contract claim. Alaei admits that the policy GEICO offered him did not include collision coverage, and he claims he was induced to purchase not by mutual consent but by deception. These allegations negate any "meeting of the minds." Further, GEICO was barred by law from offering collision coverage without charging the higher collision premium,[1] which further negates any inference that GEICO intended to do so.

---

[1] By law, an insurer can sell insurance only at the rate approved by the Department of Insurance for the coverage in question. Ins. Code § 1861.01 ("insurance rates subject to this chapter must be approved by the commission prior to their use");

SMRH:4811-2133-4713.3 -3- Case No. 20-CV-0262-L-WVG
REPLY ISO DEFENDANTS' MOTIONS TO DISMISS AND STRIKE

Because the allegations and the law both negate any inference of a meeting of the minds, Alaei's contract claim fails whether he proceeds on a written or oral contract theory.

B. **Alaei Also Fails to Allege Any Oral Communication at the Relevant Time**

Alaei's attempted "oral contract" evasion also fails for a second reason: he doesn't allege any oral communication with GEICO *at the relevant time*. The only conversation he alleges occurred in August 2017, and he doesn't allege that the contract formed at that time lasted longer than the standard six-month period. (Complaint, ¶ 11.) The alleged breach didn't occur until October 2018, long after the parties' August 2017 contract would have expired. (*Id.* at ¶ 12.) Alaei makes no allegation that any portion of the contract in effect as of October 2018 was oral. For this further reason, Alaei has not stated a claim for breach of oral contract.

C. **The Implied Covenant and Reformation Don't Save the Contract Claim**

Contrary to Alaei's argument, the implied covenant of good faith and fair dealing cannot save his breach of contract claim. The implied covenant only supplements – but cannot contradict or vary – the express terms of a contract. *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031-32 (1992) ("In essence, the covenant is implied as a *supplement* to the express contractual covenants . . . . [It] cannot be extended to create obligations not contemplated in the contract.") (internal quotations omitted). Because Alaei has not alleged any contract giving him a right to collision coverage at any time – much less as of October 2018 – the implied covenant cannot supply that missing right.

Reformation, also alluded to by Alaei, likewise cannot help him. Reformation revises a written contract that fails to reflect the parties' true mutual understanding. "[T]he court may only reform the writing to conform with the mutual understanding of the parties at the time the entered into it, if such an

---

*MacKay v. Superior Court*, 188 Cal. App. 4th 1427, 1449 n.18 ("once a rating plan has been approved, the insurer may charge no other rate").

understanding exists." *Hess v. Ford Motor Co.*, 27 Cal. 4th 516, 524 (2002). As shown above, Alaei has not alleged that GEICO intended to sell him a policy that included collision coverage, so Alaei cannot have the contract reformed to include such coverage.

## IV.

## ALAEI CANNOT STATE A CLAIM FOR UCL RESTITUTION

Alaei's defense of his claim for UCL restitution relies on inapposite authority and fails to grapple with what makes his claim unique: (i) he received value for his money, thus precluding full restitution; and (ii) partial restitution is unavailable because insurance rates, being approved by the Department of Insurance, cannot be deemed unfair or excessive for purposes of UCL restitution.

GEICO established the foregoing by reference to the Insurance Code and two on-point cases. Ins. Code § 1861.05; *Walker v. Allstate Indem. Co.*, 77 Cal. App. 4th 750, 756 (2000); *Karlin v. Zalta*, 154 Cal. App. 3d 953, 983 (1984), superseded by statute on other grounds, as stated in *MacKay v. Superior Court*, 188 Cal. App. 4th 1427 (2010). Alaei's response to these authorities: to ignore them.

Instead, he advances a host of cases arising in very different factual contexts. None of these cases addresses the availability of restitution in a rate-regulated industry, and so they don't control here. But there is one thing the cases cited by Alaei do confirm: at the pleading stage, a plaintiff seeking UCL restitution bears the burden to "plead sufficient facts to support a legally cognizable theory" of restitution. *Russell v. Kohl's Department Stores, Inc.*, 2015 WL 12781206, at *5 (C.D. Cal., Oct. 6, 2015).

Here, in the context of a rate-regulated industry, Alaei does not and cannot do so. One legally cognizable theory of restitution is a full refund. But Alaei does not dispute that a full refund is available only "when a product confers *no* benefit on consumers." *In re Tobacco Cases II*, 240 Cal. App. 4th 779, 801-02 (2015) (italics in original). Here, Alaei's allegations negate any full refund theory because he

admits he did receive comprehensive and liability coverage, including liability coverage that protected him for his at-fault October 2018 accident. (Complaint, ¶¶ 12-13.)

An alternative theory of restitution is a partial refund. As the cases Alaei cites reflect, there can be different ways to calculate a partial refund. But any calculation must be consistent with the enabling statute, Business & Professions section 17204, under which the Court is empowered only to order such restitution "as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." In a rate-regulated environment, where the plaintiff has received the regulated product at the price approved as appropriate by the regulator, there is no basis to seek a partial refund. Indeed, to order such a refund would improperly inject the Court into the role of rate regulator.

*Day v. AT & T Corp.*, 63 Cal. App. 4th 325 (1998) – cited by *Walker* in reaching a similar conclusion in the insurance context – is instructive. There, as here, the plaintiffs sought UCL restitution on the theory that the defendants' misleading conduct duped them into purchasing a product they otherwise would not have purchased. Plaintiffs alleged that the defendants deceptively failed to disclose that calls made on prepaid phone cards would be rounded up to the next higher minute – *e.g.*, a one minute and one second call was billed as two minutes. *Id.* at 329-30. The plaintiffs did not challenge the rates for the phone calls, just the advertising practices. *Id.* at 336. As with insurance rates in California, the phone card rates were regulated by the FCC and the defendants had no discretion to charge a rate different that the rate charged. *Id*. at 335.

On these analogous facts, the California Court of Appeal reached the same result GEICO argues for here: the plaintiffs could seek injunctive relief, but they could not state any claim for restitution. *Id.* at 337. The court reasoned that the UCL "operates only to return to a person those *measurable amounts* which are

*wrongfully taken* by means of an unfair business practice." *Id.* at 339 (italics in original). Thus, even though the plaintiffs argued they "would not have purchased the cards at all," there was no measurable amount of monetary relief they could seek because "once the cards were purchased and used, the members of the public received *exactly what they paid for*." *Id.* (emphasis in original). That is because the rates for those cards were "presumptively correct" under the statutory scheme:

> Because the filed rates charged by respondents are presumptively correct, a consumer who uses a pre-paid phone card *obtains the full value of what was paid for and therefore has given up nothing, regardless of whether he or she was improperly induced to purchase the card in the first place*. Any attempt to calculate a monetary amount to be paid on behalf of those who purchased the cards would necessarily result in a refund or rebate of properly collected fees for services. *This would enmesh the court in the rate-setting process and directly contravene the filed rate doctrine*. Appellants are not entitled to seek restoration of any money under section 17203.

*Id.* at 340 (emphasis added).

Here as well, the rates GEICO charges are presumptively correct because the Department of Insurance, in approving the rates, has determined them not to be excessive. Ins. Code § 1861.05; *see also MacKay*, 188 Cal. App. 4th at 1448-49 ("The filed rate doctrine provides that rates duly adopted by a regulatory agency are not subject to collateral attack in court. Numerous state courts have applied the filed rate doctrine to approved insurance rates."); *Loeffler v. Target Corp.*, 58 Cal. 4th 1081, 1127 (2014) (citing *MacKay* with approval for the proposition that "a UCL action will not lie to challenge an insurance rate previously approved by the Dept. of Insurance").

Alaei tellingly does not point to any facts alleged in his complaint and explain how they support a theory of restitution that is viable in the rate-regulated context. Instead, he asks the court to adopt a "wait and see" attitude, citing several factually

inaposite cases that have declined to rule on the propriety of a claim for restitution at the pleading stage. But there is no rule that claims for restitution are immune from pleading challenge, and courts can and do dismiss or strike such claims at the pleading stage when the plaintiff fails to plead facts supporting a cognizable claim for restitution.[2] Alaei has failed to allege such facts here, and so the Court can and should strike or dismiss his claim for UCL restitution.

## V.

## **ALAEI'S CLAIM FOR UNJUST ENRICHMENT FAILS**

Finally, Alaei's unjust enrichment claim fails. As GEICO argued, and even the authorities (*Astiana* and *Rutherford Holdings*) relied on by Alaei confirm, "there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution.'" *Astiana v. Hain Celestial Group*, 783 F.3d 753, 762 (9th Cir. 2015); *see also Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014) ("Unjust enrichment is not a cause of action . . . . It is synonymous with restitution."). To recover, the plaintiff must show that a benefit was "unjustly conferred" on the defendant. *Astiana*, 783 F.3d at 762. Alaei cannot allege that it is unjust for GEICO to retain the premium he paid because that premium was approved by the Department of Insurance as the proper premium for the coverage that GEICO provided and Alaei enjoyed.

Because he has no answer to this well-accepted principle of law, Alaei attacks a strawman – contending that unjust enrichment is a quasi-contract claim that can be pled as an alternative to an express breach of contract. But GEICO's attack on the

---

[2] *E.g.*, *Big Sky Ventures I, L.L.C. v. Pac. Capital Bancorp., N.A.*, No. CV0800231DDPVBKX, 2008 WL 11334474, at *7 (C.D. Cal. May 6, 2008) (granting motion to dismiss claim for restitution and citing *Cortez*); *Chose v. Accor Hotels & Resorts (Maryland) LLC*, No. 19-CV-06174-HSG, 2020 WL 759365, at *6 (N.D. Cal. Feb. 14, 2020) (granting motion to dismiss claim for restitution under the UCL); *Dawson v. Hitco Carbon Composites, Inc.*, No. CV 16-7337 PSG FFMX, 2017 WL 7806561, at *9 (C.D. Cal. Aug. 3, 2017) (same).

unjust enrichment claim has nothing to do with whether Alaei can or cannot state a contract claim, so Alaei's argument on this point is irrelevant. Rather, GEICO's argument is more fundamental: an unjust enrichment claim cannot proceed absent facts supporting a right to restitution, and Alaei can plead no such facts here.

## VI.

## CONCLUSION

Alaei concedes by silence that his CLRA claim cannot proceed, and his attempts to defend his contract, UCL restitution, and unjust enrichment claims all fail. GEICO asks that the Court dismiss these claims with prejudice.

Dated: April 17, 2020      SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By s/ *John T. Brooks*
JOHN T. BROOKS
Attorneys for Defendants
GOVERNMENT EMPLOYEES INSURANCE COMPANY and GEICO GENERAL INSURANCE COMPANY

| | |
|---|---|
| 1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| | A Limited Liability Partnership |
| 2 | Including Professional Corporations |
| | JOHN T. BROOKS, Cal. Bar No. 167793 |
| 3 | JARED K. LeBEAU, Cal. Bar No. 292742 |
| | 501 West Broadway, 19th Floor |
| 4 | San Diego, California 92101-3598 |
| | Telephone: 619.338.6500 |
| 5 | Facsimile: 619.234.3815 |
| 6 | Attorneys for Defendants GOVERNMENT EMPLOYEES INSURANCE COMPANY |
| 7 | and GEICO GENERAL INSURANCE COMPANY |

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHRAN DAVID ALAEI, an individual, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY (GEICO), a Delaware corporation; GEICO GENERAL INSURANCE COMPANY, a Maryland corporation, and DOES 1 to 10,<br><br>Defendants. | Case No. 20-CV-0262-L-WVG<br><br>**PROOF OF SERVICE**<br><br>Judge: Hon. M. James Lorenz<br>Courtroom: 5B |

I, the undersigned, declare under penalty of perjury that I am, and was at the time of service of the papers herein referred to, over the age of eighteen years and not a party to the action; and I am employed in the County of San Diego, State of California, in which county the within-mentioned service occurred. My business address is 501 West Broadway, 19th Floor, San Diego, California 92101.

On April 17, 2020, I served a copy of the following document(s):

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS AND STRIKE**

-1-

1 ☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

Todd D. Carpenter, Esq.  *Attorneys for Plaintiff*
CARLSON LYNCH LLP
1350 Columbia Street, Suite 603   Telephone: (619) 762-1910
San Diego, CA 92101   Facsimile: (619) 756-6991
E-mail: tcarpenter@carlsonlynch.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 17, 2020, at San Diego, California.


                        s/ *Tamara Siemers*
                        Tamara Siemers